# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:24-CV-00234-FDW-SCR

| | | |
|---|---|---|
| **INTEGRIS COMPOSITES, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **ROWDY LANE OXFORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff Integris Composites, Inc.'s ("Integris")

Motion for Preliminary Injunction, (Doc. No. 4).[1] For the reasons that follow, the Motion is

GRANTED.

## INTRODUCTION

Integris filed this suit on February 27, 2024, alleging eight (8) causes of action against

Defendant Rowdy Lane Oxford ("Mr. Oxford"), including breach of contract, misappropriation of

trade secrets, conversion, tortious interference with prospective economic advantage, negligence,

and a violation of the North Carolina Unfair and Deceptive Trade Practices Act. *See generally*

(Doc. No. 1). Along with the Complaint, Integris filed a Motion for Temporary Restraining Order

and Preliminary Injunction. (Doc. No. 4). The Motion for Preliminary Injunction is based only on

Integris' breach of contract and misappropriation of trade secrets causes of action. (Doc. No. 4-1,

p. 7).

Mr. Oxford is a former employee of Integris, having begun his employment in May 2021.

(Compl., ¶ 18). In his scope of employment, Mr. Oxford executed a series of agreements,

---

[1] The Court denied Integris' Motion for Temporary Restraining Order on February 28, 2024, and instead set an expedited hearing on the Motion for Preliminary Injunction on March 4, 2024. (Doc. No. 5).

documents, and acknowledgments which generally require the protection of Integris' confidential information. (Compl., ¶ 19). Collectively, these documents constituted part of Integris' efforts to protect its confidential information, including its sensitive body armor design and manufacturing confidential information. (Compl., ¶ 20).

In the scope of his employment with Integris, Mr. Oxford was granted access to Integris' confidential information, including highly sensitive design, manufacturing, and customer information that is not accessible to all other employees of Integris. (Compl., ¶ 32). Mr. Oxford resigned from employment with Integris on or about September 1, 2023, and went to work for Hesco Armor, Inc. ("Hesco"), a foreign-owned direct competitor of Integris. (Compl., ¶ 33). In addition to completing various required trainings pertaining to the protection of confidential information, Mr. Oxford also received a reminder from Integris of his duty and responsibility to keep confidential information to himself—and not to disclose to any third parties. (Compl., ¶ 34-36).

On January 20, 2024, Integris, through an employee of one of its affiliates, was allegedly contacted by a Mr. Stephen Jones ("Mr. Jones"), a Business Development Manager for Hesco. (Compl., ¶ 37-38). Mr. Jones allegedly disclosed to Integris that he received Integris' proprietary and confidential information pertaining to customers, pricing, and business strategies from Mr. Oxford, and subsequently provided Integris copies of the ill-gotten and stolen proprietary and confidential information received vis-à-vis Mr. Oxford. (Compl., ¶ 39-40). Mr. Jones further informed Integris that Mr. Oxford's expressly stated intent was to disclose and use Integris' stolen proprietary and confidential information in an effort to take customers away from, and to compete directly with, Integris. (Compl., ¶ 41). This included confidential information pertaining to

customer accounts, business development plans, and presentations before the Board of Directors – including material marked as "For Official Use Only." (Compl., ¶ 42-43).[2]

Integris alleged that its subsequent investigation into the nature and scope of files taken by Mr. Oxford has revealed so far that Mr. Oxford copied and removed not fewer than 9,000 files from Integris' computer systems in the two-week period preceding his resignation, including information of varying levels of confidentiality, including Proprietary information, FOUO information, Controlled Unclassified Information ("CUI"), and export-controlled information. (Compl., ¶ 46-47).

After the Court denied the Motion for Temporary Restraining Order and set Integris' Motion for Preliminary Injunction for hearing on March 4, 2024, Integris communicated directly with Mr. Oxford to provide notice of the hearing. Mr. Oxford was formally served with process on the morning of March 4, 2024. (Doc. No. 8). The Court held a hearing on March 4, 2024, at 2:00 p.m. on the matter. Present and arguing on behalf of Integris was counsel of record G. Wade Leach, III. Mr. Oxford appeared on his own behalf and was not represented by counsel.

Having reviewed the Pleadings, Motion for Preliminary Injunction, Memorandum in Support, and having heard argument by the parties (including with the opportunity to present evidence), the Court finds as follows:

### FINDINGS OF FACT

1. Integris filed this action on February 27, 2024.

---

[2] Because Integris operates classified facilities – that is, facilities that are granted access to information that is classified by the U.S. Government—and one of the levels of classification is "Confidential," it is commonplace to refer to commercially confidential information as "Proprietary." As such, among defense contractors the term "Proprietary" means more than merely "owned." Rather, it is a synonym for "confidential," but not in the classified information sense.

2.	The Court denied Integris' Motion for Temporary Restraining Order February 28, 2024, and set the matter for expedited hearing on March 4, 2024 (Doc. No. 5).

3.	Integris sought to serve Mr. Oxford with process and the Court's Order from February 28, 2024, and was able to informally make contact with Mr. Oxford on Friday, March 1, 2024. At this time, Integris informed Mr. Oxford of the suit and the hearing set for March 4, 2024.

4.	Mr. Oxford was formally served with process on March 4, 2024, prior to the hearing.

5.	Prior to the hearing, Integris and Mr. Oxford reached an agreement resolving the Motion for Preliminary Injunction, which was announced in open court during the hearing. The proposed agreement included the following terms:

   a.	Mr. Oxford shall not disclose, disseminate, share, or communicate in any way with any third party about the substance of the lawsuit or any of the materials that he took from Integris.

   b.	Mr. Oxford shall quarantine all of his personal electronic devices.

   c.	Mr. Oxford's electronic devices shall be turned over to a third-party for forensic inspection.

   d.	Mr. Oxford shall agree to make himself available for an examination under oath, which shall not be construed as a deposition under Rule 33 of the Federal Rules of Civil Procedure.

   e.	Mr. Oxford shall provide a list of all third parties he has shared Integris' information with, dating to August 1, 2023, by or before March 25, 2024. This list shall be made pursuant to Declaration under 28 U.S.C. § 1746, under penalty of perjury.

4

f. The parties requested the case be stayed for a period of 90 days to permit further investigation.

6. Mr. Oxford consents to the Motion for Preliminary Injunction.

7. Counsel for Integris stipulated to an extension of time for Mr. Oxford to file his answer or other responsive pleading in this matter.

Based on the foregoing, as well as the Court's review of the Pleadings, Motion, and Memorandum in Support, applicable law, and further with the consent of all parties, the Court hereby ORDERS as follows:

1. Mr. Oxford shall not disclose, disseminate, share, or communicate in any way with any third party about the substance of the lawsuit or any of the materials that he took from Integris.

2. Mr. Oxford shall quarantine all of his personal electronic devices.

3. Mr. Oxford's electronic devices shall be turned over to a third-party for forensic inspection.

4. Mr. Oxford shall agree to make himself available for an examination under oath, which shall not be construed as a deposition under Rule 33 of the Federal Rules of Civil Procedure.

5. Mr. Oxford shall provide a list of all third parties he has shared Integris' information with, dating to August 1, 2023, by or before March 25, 2024. This list shall be made pursuant to Declaration under 28 U.S.C. § 1746, under penalty of perjury.

6. This matter shall be assigned to the Court's Standard Case Management schedule, see In re Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Case No. 3:07-mc-00047 (Doc. No. 2 et seq.), and a separate scheduling order shall issue.

7. Mr. Oxford shall have through and including April 5, 2024, to file any answer or other responsive pleading.

8. This Order may be amended or modified through subsequent order of the Court.

**IT IS SO ORDERED.**

Signed: March 11, 2024

Frank D. Whitney
United States District Judge