UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-CV-00234-FDW-SCR

| | |
|---|---|
| **INTEGRIS COMPOSITES, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CONSENT FINAL ORDER** |
| ) | |
| **ROWDY LANE OXFORD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Integris Composites, Inc.'s ("Plaintiff" or "Integris") and Defendant Rowdy Lane Oxford ("Mr. Oxford" or "Defendant") Consent Motion for Final Order (Doc. No. 13). For the reasons that follow, the Motion is GRANTED.

Integris filed this suit on February 27, 2024, alleging eight (8) causes of action against Defendant Rowdy Lane Oxford ("Mr. Oxford" or "Defendant"), including breach of contract, misappropriation of trade secrets, conversion, tortious interference with prospective economic advantage, negligence, and a violation of the North Carolina Unfair and Deceptive Trade Practices Act. See generally (Doc. No. 1). Along with the Complaint, Integris filed a Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 4). The Motion for Preliminary Injunction was based only on Integris' breach of contract and misappropriation of trade secrets causes of action. (Doc. No. 4-1, p. 7). The Court granted the Motion for Preliminary Injunction by Order dated March 12, 2024. (Doc. No. 9).

The parties have had an opportunity to further investigate the factual allegations of this matter, including an examination under oath of Mr. Oxford. The parties having had the opportunity to further review the underlying factual matter, and it appearing to the Court that the parties have

reached an agreement (as expressed by the Parties' consent motion) as to the final disposition of this case, the Court finds that it is appropriate to enter this final consent order. Incorporating by reference the FINDINGS OF FACT contained in the Court's Order granting Integris' Motion for Preliminary Injunction (Doc. No. 9), and based on the parties' consent as expressed in the Consent Motion, the Court hereby ORDERS as follows:

1. Mr. Oxford shall not further disclose, disseminate, share, or communicate in any way with any third party about the substance of the lawsuit or any of the materials that he took from Integris.

2. To the extent that Mr. Oxford has any remaining materials that he took from Integris (after such materials were quarantined pursuant to the Court's prior order, <u>see</u> (Doc. No. 9, p. 5)), he shall destroy said materials within thirty (30) days of the date of this Order, and certify his efforts to complete the same in writing to Integris.

3. Mr. Oxford may keep his electronic devices previously turned over to a third-party for forensic inspection, <u>see</u> (Doc. No. 9, p. 5), so long as said devices do not contain any of Integris' proprietary materials and Mr. Oxford certifies that he has destroyed said materials pursuant to Paragraph 2 of this Order.

4. The Clerk of Court is directed to CLOSE this case thirty (30) days after entry of this Order.

5. Each party shall bear its own costs and fees, except as otherwise may be agreed to in writing by the parties.

**IT IS THEREFORE ORDERED** that the Consent Motion for Final Order, (Doc. No. 13), is **GRANTED**.

**IT IS SO ORDERED.**

Signed: January 16, 2025

Frank D. Whitney
Senior United States District Judge